IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Marion Stewart, ) | |
| ) | C.A. No. 8:18-1179-HMH-JDA |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| ) | |
| Warden Williams, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Marion Stewart ("Stewart") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Austin recommends granting the Respondent's motion for summary judgment and denying Stewart's petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Stewart is currently incarcerated at McCormick Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In January 2010, Stewart was indicted in South Carolina state court for armed robbery. (Ret. & Mem. Attach. 4 (App'x 523-24), ECF

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

No. 11-5.) After a jury trial, Stewart was found guilty of armed robbery on April 13, 2011. (Id. Attach. 4 (App'x 515-21), ECF No. 11-5.) Due to his criminal history, Stewart was sentenced to life imprisonment without the possibility of parole. (Id. Attach. 4 (App'x 522), ECF No. 11-5.)

Stewart appealed his conviction on the grounds that his confession was not voluntary, he was in custody at the time of the confession, and he should have been informed of his Miranda[2] rights. See State v. Stewart, No. 2012-UP-654, 2012 WL 10864542 (S.C. Ct. App. Dec. 12, 2012) (unpublished). The South Carolina Court of Appeals affirmed Stewart's conviction in an unpublished opinion dated December 12, 2012. Id. The South Carolina Supreme Court denied Stewart's petition for writ of certiorari on June 11, 2014. (Ret. & Mem. Attach. 2 (June 11, 2014 Order), ECF No. 11-2.) Remittitur was issued on June 26, 2014. (Id. Attach. 3 (Remittitur), ECF No. 11-3.)

On July 10, 2014, Stewart filed an application for post-conviction relief ("PCR") raising ineffective assistance of counsel, due process, and Fifth Amendment claims. (Id. Attach. 4 (App'x 526-31), ECF No. 11-5.) An evidentiary hearing was held on March 23, 2016. (Id. Attach. 4 (App'x 537-603), ECF No. 11-5.) On May 31, 2016, the PCR court denied Stewart's PCR application and dismissed his application with prejudice. (Id. Attach. 4 (App'x 606-21), ECF No. 11-5.) Stewart filed a petition for writ of certiorari with the South Carolina Supreme Court on December 12, 2016. (Ret. & Mem. Attach. 6 (Pet. Writ Cert.), ECF No. 11-7.) On July 14, 2017, the South Carolina Supreme Court denied Stewart's petition for writ of certiorari. (Id. Attach. 7 (July 14, 2017 Order), ECF No. 11-8.)

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

Stewart, proceeding pro se, filed the instant § 2254 petition on April 27, 2018,[3] raising one ground for relief:

> **Ground One:** U.S. Const. Rights to Due Process and Equal Protection were denied petitioner by allowing statements of petitioner taken in violation of his Fifth Amend. right to be used against him at trial.
>
> **Supporting Facts:** Several law enforcement officers surrounded petitioners residence while two officers conducted a custodial interrogation inside a law enforcement vehicle and by using subterfuge and intimidation coerced statements from him without reading and informing him of his Miranda rights and the trial judge erroneously allowed these statements into evidence prejudicing petitioner by denying him the protections granted by our United States Constitution and depriving him of the possibility of receiving a fair trial.

(§ 2254 Pet. 5, ECF No. 1 (errors in original).)

On June 22, 2018, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 12.) After receiving two extensions, Stewart responded in opposition on September 24, 2018. (Resp. Opp'n Mot. Summ. J., ECF No. 22.) Magistrate Judge Austin issued her Report and Recommendation on November 13, 2018, and recommends granting Respondent's motion for summary judgment and denying Stewart's petition because Stewart has not demonstrated that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. (R&R 19, ECF No. 24.) After receiving two extensions, Stewart filed objections to the Report on January 10, 2019.[4] (Objs., generally, ECF No. 34.) Stewart also filed a motion to amend his petition. (Mot. Am., ECF No. 35.) Respondent filed a response in opposition to the motion to amend on January 28, 2019. (Resp. Opp'n Mot. Am., ECF No. 37.) This matter is now ripe for review.

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Id.

3

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only

5

incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, many of Stewart's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean two specific objections. Stewart objects that the magistrate judge erred in finding: (1) that the trial court's finding that Stewart was not subject to custodial interrogation was not an unreasonable determination in light of the evidence presented at trial and (2) that the trial court's finding regarding the voluntariness of Stewart's statements to investigators was not an unreasonable determination in light of the evidence presented at trial. (Objs., generally, ECF No. 34.)

#### 1. Custodial Interrogation

First, Stewart objects that the magistrate judge erred in finding that the trial court's decision that Stewart was not in custody when he made incriminating statements was not unreasonable in light of the facts presented. (Id. 3-4, ECF No. 34.) Stewart argues that his statements to investigators were inadmissible at trial because the totality of the circumstances

weigh in favor of finding that he was subject to custodial interrogation and should have received his Miranda warnings. (Id., ECF No. 34.)

A state court's finding that an individual was "in custody" is a mixed question of law and fact that requires independent review by the federal habeas court. Thompson v. Keohane, 516 U.S. 99, 115-16 (1995). "Absent formal arrest, *Miranda* warnings only apply where there has been such a restriction on a person's freedom as to render him in custody." United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001) (internal quotation marks omitted). "[A]n individual is 'in custody' despite the lack of a formal arrest . . . [when], under the totality of the circumstances, a suspect's freedom of action is curtailed to a degree associated with formal arrest." United States v. Hargrove, 625 F.3d 170, 178 (4th Cir. 2010) (internal quotation marks omitted). To determine if an individual was in custody, a court examines the totality of the circumstances, considering "all of the circumstances surrounding the interrogation" to determine "how a reasonable person in the position of the individual being questioned" would interpret the situation. Stansbury v. California, 511 U.S. 318, 322, 325 (1994) (per curiam). Importantly,

> [a]ny interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because . . . the questioned person is one whom the police suspect.

Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam).

Before admitting into evidence any of the statements at issue, the trial court conducted a Jackson v. Denno[5] hearing to determine if Stewart was in custody when he made the

---

[5] Jackson v. Denno, 378 U.S. 368 (1964).

incriminating statements and should have received his <u>Miranda</u> warnings. (Ret. & Mem. Attach. 4 (App'x 48-133), ECF No. 11-4.) During the hearing, Stewart, Investigator William Gary ("Gary"), and Investigator Matt Hutchins ("Hutchins") testified regarding the circumstances under which the statements at issue were obtained.[6] It was established during the hearing that investigators questioned Stewart at his residence after Stewart was identified as a suspect during the course of the armed robbery investigation. (<u>Id.</u> Attach. 4 (App'x 58, 84), ECF No. 11-4.) While investigators were at Stewart's residence, he was not restrained in any way, was informed that he was not under arrest, and no weapons were drawn or force used against him. (<u>Id.</u> Attach. 4 (App'x 58, 97), ECF No. 11-4.) Further, when given the option, Stewart voluntarily entered one of the investigator's vehicles because it was cold outside. (<u>Id.</u> Attach. 4 (App'x 58, 84, 98, 105), ECF No. 11-4.) While Stewart was in the vehicle with Gary, Hutchins learned that a warrant had been issued for Stewart's arrest. (<u>Id.</u> Attach. 4 (App'x 85), ECF No. 11-4.) However, at the time he made the incriminating statement, Stewart was unaware of the warrant or his impending arrest because he confessed before Hutchins informed him about the warrant. (Ret. & Mem. Attach. 4 (App'x 59-60, 85), ECF No. 11-4.)

Stewart argues that he was subject to custodial interrogation because the investigators initiated the questioning, and he felt that he was not free to leave. (Objs. 4, ECF No. 34.) However, "[c]ustody determinations do not depend on the subjective views of either the interrogating law enforcement officers or of the person being questioned, but depend instead

---

[6] Stewart told investigators, "[Y]ou got your man, I did the robbery." (Ret. & Mem. Attach. 4 (App'x 60), ECF No. 11-4.) Additionally, investigators overheard Stewart tell his girlfriend that "he made a mistake and . . . would see her in 30 years." (<u>Id.</u> Attach. 4 (App'x 86), ECF No. 11-4.)

8

[on] the objective circumstances of the interrogations." Parker, 262 F.3d at 419. See also Yarborough v. Alvarado, 541 U.S. 652, 665-66 (2004) (holding that a state court's finding that the defendant was not in custody at the time of police questioning was reasonable when fair-minded jurists could disagree about whether the defendant was in custody because there were factors weighing in favor of and against finding that the defendant was in custody). Considering the totality of the circumstances, Stewart was at his residence, was not questioned in a threatening manner, was informed that he was not under arrest, was informed that the investigators were only there to talk to him, and was permitted to freely move around the porch and yard of the home. Accordingly, the state court's decision that Stewart was not subject to custodial interrogation and did not require Miranda warnings was not an unreasonable determination in light of the facts presented. Therefore, Stewart's first objection is without merit.

## 2. Voluntariness of Statement

Second, Stewart objects that the magistrate judge erred in finding that his statements to investigators were voluntary. (Objs. 3-6, ECF No. 34.) Spencer alleges that his will was overborne by the investigators because they initiated contact with him at his residence. (Id. 4-5, ECF No. 34.) As a result, Stewart argues that his statements were not made voluntarily and should have been excluded at trial. (Id., ECF No. 26.)

"[The] ultimate issue of 'voluntariness' is a legal question requiring independent federal determination." Miller v. Fenton, 474 U.S. 104, 110 (1985). When considering the voluntariness of a defendant's statement, the court must

9

> determine whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence. . . . The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination critically impaired. . . . Courts must conduct this voluntariness inquiry in light of the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation.

United States v. Byers, 649 F.3d 197, 215 (4th Cir. 2011) (internal quotation marks and citations omitted). Even where a threat or implied promise is made, a defendant's statement will not be invalidated unless the coercion is "sufficient to cause the petitioner's will to be overborne and his capacity for self-determination to be critically impaired." United States v. Braxton, 112 F.3d 777, 783 (4th Cir. 1997) (internal quotation marks omitted).

During the Jackson v. Denno[7] hearing, the trial court determined that Stewart's statements to investigators were voluntary. (Ret. & Mem. Attach. 4 (App'x 48-133), ECF No. 11-4.) On the night he was arrested, Stewart spoke with investigators on the porch of his residence, and then voluntarily moved with Investigators Gary and Hutchins to sit in Hutchins' personal vehicle, not a marked police vehicle, because it was cold outside. (Id. Attach. 4 (App'x 58, 84, 98, 105), ECF No. 11-4.) At some point, Hutchins exited the vehicle to receive a telephone call wherein he was informed that a warrant had been issued for Stewart's arrest. (Id. Attach 4 (App'x 59, 85), ECF No. 11-4.) While Hutchins was out of the vehicle, Stewart indicated to Gary that he wished to speak with Hutchins. (Id. Attach. 4 (App'x 59-62, 89), ECF No. 11-4.) Gary brought Hutchins back to the vehicle, at which time, Stewart asked the investigators if they had any handcuffs and stated, "You've got me. I did the robbery." (Id.

---

[7] Jackson v. Denno, 378 U.S. 368 (1964).

Attach. 4 (App'x 58-62, 89-90), ECF No. 11-4.) Stewart's statement was not in response to any questioning. (Ret. & Mem. Attach. 4 (App'x 61-63), ECF No. 11-4.)

The totality of the circumstances demonstrate that Stewart's statement was made voluntarily. Stewart willingly went with Gary and Hutchins to the vehicle, summoned Hutchins to the vehicle before making the incriminating statement, and did not make the incriminating statement in response to an investigator's question. Further, no evidence has been presented to suggest that the investigators behaved in a hostile or threatening manner. Based on the foregoing, the trial court's determination that Stewart's statements were voluntary was not an unreasonable determination in light of the facts presented or contrary to existing law. Accordingly, Stewart's second objection is without merit.

### D. Motion to Amend

Finally, Stewart filed a motion to amend his complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (Mot. Am., generally, ECF No. 35.) However, Stewart has failed to articulate a basis to amend his complaint, and the information contained in his motion to amend was included in previous filings. Further, the court has fully addressed the issue raised by Stewart in his petition, and the record is fully developed. Accordingly, Stewart's motion to amend is denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that a motion to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment").

Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 12, is granted. It is further

**ORDERED** that Stewart's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that Stewart's motion to amend, docket number 35, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Spencer has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 29, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.